1  Patricia Lee (8287)
   HUTCHISON & STEFFEN, LLC
2  10080 West Alta Drive, Suite 200
   Las Vegas, NV 89145
3  Tel:   (702) 385-2500
          (702) 385-2086
4  plee@hutchlegal.com
   twilliams@hutchlegal.com
5
   *Attorney for Kiarash Mirkia*
6  *and Poupak Ziaei*

7                 **UNITED STATES DISTRICT COURT**

8                        **DISTRICT OF NEVADA**

9  ALLSTATE PROPERTY CASUALTY          )   Case No. 2:12-cv-01288-RCJ-PAL
   INSURANCE COMPANY, an Illinois      )
10 corporation,                        )
                                       )
11                                     )
                                       )
12          Plaintiff,                 )   **STIPULATION AND PROTECTIVE**
                                       )   **ORDER**
13 v.                                  )
                                       )
14 KIARASH MIRKIA, an individual. POUPAK )
   ZIAEI, an individual,               )
15                                     )
            Defendants.                )
16                                     )
                                       )
17 _____    )
                                       )
18 KIARASH MIRKIA, an individual. POUPAK )
   ZIAEI, an individual,               )
19                                     )
            Counterclaimants,          )
20                                     )
   v.                                  )
21                                     )
   ALLSTATE PROPERTY CASUALTY          )
22 INSURANCE COMPANY, an Illinois      )
   corporation.                        )
23                                     )
                                       )
24          Counterdefendant.          )
                                       )
25                                     )
                                       )
26                                     )
                                       )
27 _____    )
28

HUTCHISON & STEFFEN
A PROFESSIONAL LLC
PECCOLE PROFESSIONAL PARK
10080 WEST ALTA DRIVE, SUITE 200
LAS VEGAS, NV 89145

KIARASH MIRKIA, an individual.  POUPAK )
ZIAEI, an individual,                    )
                                         )
        Third-Party Plaintiffs,          )
                                         )
v.                                       )
                                         )
                                         )
WALID KHURAIBET, an individual.          )
LEGACY AGENCY, LLC, a Nevada             )
corporation,                             )
                                         )
        Third-Party Defendants.          )
                                         )
_____ )

IT IS HEREBY STIPULATED by and between Dr. Kiarash Mirkia, Dr. Poupak Ziaei

("Defendants"), Allstate Property Casualty Insurance Company ("Plaintiff"), and Walid

Khuraibet and Legacy Agency, LLC("Third-Party Defendants"), by and through their respective

undersigned counsel, that in the course of this litigation a party may provide or produce

documents and information which are confidential or commercially sensitive in nature, and that

public disclosure of such information could be detrimental to the interests of Plaintiff or

Defendants.  Such confidential or commercially sensitive information may be disclosed by

written discovery, deposition testimony, or in other filings in this litigation.  The Parties

accordingly stipulate and enter into the following Protective Order.

Dated this ____5th____ day of August, 2013.

                              HUTCHISON & STEFFEN, LLC

                              _____
                              Patricia Lee (8287)
                              Peccole Professional Park
                              10080 West Alta Drive, Suite 200
                              Las Vegas, Nevada 89145

                              *Attorney for Kiarash Mirkia and Poupak Ziaei*

2

HUTCHISON & STEFFEN
A PROFESSIONAL LLC
PECCOLE PROFESSIONAL PARK
10080 WEST ALTA DRIVE, SUITE 200
LAS VEGAS, NV 89145

1.     SCOPE.

    This Protective Order shall apply to all non-public information and materials, whether tangible or intangible, provided or produced by the Parties in the course of the above-captioned litigation, whether written, oral, contained in documents or transcripts, or in any other form, which has in good faith been designated "Confidential" in accordance with Paragraphs 2 and 3 below.  Although not waiving its right to designate as "Confidential" other documents that the Plaintiffs or Defendant request be copied and produced, Defendants intend to label as "Confidential" their income tax returns.

2.     DEFINITION.

    A producing party may designate as "Confidential" such non-public documents, information, and tangible and intangible materials produced by it which the producing party believes in good faith constitute, contain, or reflect proprietary, trade secret, or commercially sensitive information, that is not generally known and/or which the party would not normally reveal or, if revealed, would be required to be maintained in confidence.

3.     DESIGNATION.

(A)     A producing party or its counsel may designate as Confidential any documents or other tangible things by (i) marking every page of such item Confidential or (ii) sending written notice designating each page of such documents or each portion of such tangible things to be treated as Confidential.

(B)     Deposition Testimony.  Any party may designate any portion of a deposition itself as Confidential at the conclusion of the deposition, if it in good faith believes Confidential material is contained in the deposition transcript.  The designating party shall have one week after receipt

3

of the transcript or the date of this Protective Order, whichever is later, to make a determination as to the portions of the testimony which it believes are Confidential.  Until the one week period has expired, the entirety of any deposition which has been designated as containing Confidential material shall be treated as such.

After determination of the portions of the transcript deemed Confidential, each designated page of the original and of all copies of the transcript shall be marked as Confidential and the original and each copy of the transcript shall thereafter be maintained according to one of the following procedures, at the option of counsel with custody of that copy.  Either (a) those portions of the transcript shall be marked and treated as Confidential (in which case counsel shall nevertheless maintain with that copy the designation indicating the particular portions deemed Confidential); or (b) those pages containing Confidential material shall be physically separated from the remainder of the transcript and maintained as a separate confidential document.

If it is possible to designate those portions of the transcript constituting Confidential material at the time of the deposition, the Parties may agree to have the designated portions separately transcribed at the outset.

If, during the course of a deposition or other testimony, counsel for any party states that the interrogation concerns information that is subject to the designation Confidential, persons who are not authorized to receive such confidential information shall be excluded from that portion of the deposition or testimony so designated.

Deposition transcripts shall not be maintained by the court reporter.  The originals thereof shall be provided to and maintained by counsel for the party deposed if the deponent is a party, or employed by a party to the action, or acting on behalf of a court order within the action;

4

otherwise the originals shall be provided to and maintained by counsel for the party noticing the deposition.

Any court reporter who transcribes testimony at a deposition in this action shall agree, before transcribing any such testimony, that all information designated as Confidential shall remain confidential and shall not be disclosed except as provided in this Protective Order; that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in absolute confidentiality by such court reporter; and shall signify such agreement by reading this Protective Order and affirming that he or she agrees to be bound by it by signing a copy of this Protective Order.

4.    USE.

Confidential documents and information made available to any party, a party's counsel or other person or persons designated herein, shall (a) not be disclosed or communicated in any fashion nor be used for any purpose other than preparing for and conducting this litigation, (b) not be used for any business, commercial or competitive purpose by the Parties at any time, and (c) not be disclosed to or discussed with anyone for any purpose except as provided for in this Protective Order. It will be the responsibility of each of the Parties' counsel to use reasonable efforts to ensure compliance with the Protective Order. However, nothing in this Protective Order shall prevent any producing party from disclosing or using its own Confidential information as it deems appropriate, and any such use shall not be deemed a waiver of any party's rights or obligations under this Protective Order with respect to any Confidential information. In addition, nothing in this Protective Order shall impose any restrictions on the

5

use or disclosure by any party of documents, information, materials, or testimony obtained by such party independent of this litigation.

5.    RESTRICTIONS ON ACCESS.

Access to Confidential information, and to any copies, portions, summaries, analyses, or excerpts of any documents containing information that has been designated Confidential shall be limited to the following:

(1)    Counsel of record for the Parties, including office associates, paralegals, stenographic, and clerical employees.

(2)    The Parties, their representatives, employees, shareholders, and agents, including in-house counsel who have affirmed that he or she agrees to be bound by this Protective Order by signing a copy of this Protective Order.

(3)    Outside consultants and/or experts, subject to the provisions of Paragraph 6 below.

(4)    Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof.

(5)    The Trial Judge, Magistrate Judge, and any Court employees or staff.

(6)    Court reporters or stenographers who record deposition or other testimony in the litigation, subject to the provisions of Paragraphs 3 and 8 of this Protective Order.

(7)    Outside photocopying services, graphic production services, or litigation support services employed by the Parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system who have affirmed that he or she agrees to be bound by this Protective Order by signing a copy thereof.

(8)    Any other person whom the producing party agrees to, in writing.

6.    CONSULTANT AND EXPERT ACCESS.

The Parties' counsel may, to the extent necessary to this litigation, in accordance with the terms of this Protective Order, and in good faith, make Confidential documents or information and any copies, portions, summaries, analyses, or excerpts of any documents containing

Confidential information available to outside independent consultants or expert witnesses. The terms of this Protective Order apply to expert witnesses as well. All expert witnesses will be under the same confidentiality requirements as the parties.

7.    RENDERING ADVICE.

Nothing herein shall bar or otherwise restrict an attorney who is a qualified recipient of Confidential information under the terms of this Protective Order from rendering advice to his or her client with respect to this litigation and, in the course thereof, from generally relying upon his or her examination of such information.

8.    DEPOSITIONS.

Persons may be deposed regarding documents or information of which they have knowledge which have been designated Confidential subject to Paragraph 3 above. All transcripts of these depositions and any other deposition containing Confidential information will be treated in accordance with this Protective Order and when filed shall be marked pursuant to the procedures set forth in Paragraph 10 below.

Any court reporter or stenographer who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony and shall set forth at the beginning of the transcription, that all testimony containing Confidential information is and shall remain confidential and shall not be disclosed, except as provided in this Protective Order, and that copies of any transcript, reporter's notes, or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such reporter or delivered to attorneys of record.

7

9.      DISPUTES CONCERNING DESIGNATION OR DISCLOSURE.

        If any party to this Protective Order objects to the designation of any information as Confidential, or there is a dispute concerning the disclosure of Confidential information to the person(s) designated by the Parties, the party having the objection or dispute shall first state the objection or issue by letter to the party that made such designations. The Parties shall confer in good faith by telephone or in person to resolve any dispute respecting the terms or operation of this Protective Order. If the Parties are unable to resolve such a dispute within 2 days of such conference, the dispute shall be submitted to the Magistrate Judge. In any such proceeding, the designating party shall have the burden of establishing that the disputed document or information is Confidential, as defined in Paragraph 2 above. No disclosure of any document or information in dispute shall be made pending resolution of the dispute. In the event that the Magistrate Judge is required to review a claim of confidentiality, the particular document or information challenged shall be submitted to the Magistrate or Trial Judge for in camera inspection.

        The failure of any party to challenge the designation by another producing party of documents, materials, or information as Confidential shall not be a waiver of that party's right to object to the designation of such material at an arbitration hearing or in this litigation.

10.     FILING.

Confidential Matter submitted to the Court, including that used as exhibits to or incorporated in any other manner in briefs, memoranda, transcripts or testimony, or any other documents filed with the Court, shall be protected as follows:

8

deleted by
court.

1   (1)   Materials Filed.  Any brief, memorandum, transcript of testimony or other document, or
2   any portion thereof, filed with or submitted to the Court, which incorporates or refers to the
     substance of any Confidential Matter, shall be filed with the Court in sealed envelopes or other
3   appropriately sealed containers on which shall be endorsed the title of this action, an indication
     of the nature of the contents of such envelope or container, the identity of the party filing the
4   materials, the word "CONFIDENTIAL" and a statement substantially in the following form:

5   "This envelope contains documents subject to a Protective Order entered in this action.  It is not
6   to be opened nor the contents thereof to be displayed, revealed, or made public, except by
     express order of the Court."
7
8   No such sealed envelope shall be opened without an order from the Court identifying by name
     the person or persons who may have access to the sealed material and specifically designating
9   which portions of the sealed file may be revealed to them.  The first page of any document filed
     or submitted to the Court, which contains Confidential Matter or information taken therefrom,
10  shall bear a notice in substance the same as that on the envelope.

11
12  (2)   Hearings and Trial.  At any hearing before the Court, counsel shall attempt to avoid
     inadvertently disclosing any Confidential Matter. If any counsel believes it is necessary to
13  disclose Confidential Matter during a hearing, said counsel shall first request the Court to clear
     the Court or to hear the matter in camera and shall otherwise confer with counsel and the Court
14  to agree upon a method by which the confidentiality of the Confidential Matter can be
     preserved.  Should a transcript of the hearing be made, it shall be treated the same as a
15  deposition pursuant to paragraphs 3 and 8 above.

16  (3)   Appeal.  All papers in connection with any appeal herein which contain any Confidential
17  Matter shall be similarly subject to the provisions of this Protective Order.

18  (4)   Application.  This section does not apply to discovery and other documents that are
     exchanged between the parties that are not filed with the court.
19

20  11.   NO IMPLIED ACKNOWLEDGMENT OF CONFIDENTIALITY.

21         The receipt of documents, information, or other materials designated as Confidential

22  pursuant to this Protective Order shall not constitute an acknowledgment that the same are in
23
     fact confidential or otherwise legally protectable, and the Parties and their counsel shall not be
24
25  obliged to challenge the propriety of any confidentiality designation.  Failure to do so shall not

26  preclude a subsequent challenge to the propriety of any such designation.  Until and unless the

27  Parties may agree or the Trial Judge may finally determine that such documents, information, or
28

9

materials are not properly designated as Confidential pursuant hereto, the same shall continue to be treated as so designated in accordance with the terms of this Protective Order.

12.     NO WAIVER.

The production of documents for inspection shall not constitute a waiver of a party's rights to claim in this litigation or otherwise that the documents are privileged or otherwise undiscoverable.  Production by any party of confidential documents or information in other litigation and/or litigation shall not constitute a waiver of its right to claim in this litigation or hereafter that such documents or information are confidential, privileged, or otherwise undiscoverable.  Nothing in this Protective Order requires any party to produce any documents or information that the party believes is privileged or otherwise non-discoverable.  By entering into this Protective Order, the Parties do not waive any right to object to any discovery request, or to the admission of evidence on any ground, or seek any further protective order, or to seek relief from the Court from any provision of this Protective Order by application or on noticed motion on any grounds.

13.     THIRD PARTIES.

Any third-party served with a subpoena in connection with this litigation or who otherwise produces documents or is noticed for a deposition in connection with this litigation may invoke the protections of this Protective Order by signing a copy of this Protective Order and agreeing to be bound by its terms.

10

14.    INADVERTENT PRODUCTION.

Inadvertent production of any information, document, or tangible thing without a designation of Confidential shall not by itself be deemed a waiver of the claim of confidentiality of the designating party as to such matter, and any party thereafter may designate the same as Confidential.  Disclosure by any party of such matter prior to notice of the claim of entitlement to confidential treatments shall not bee deemed a violation of this Protective Order. If an inadvertent disclosure is made, the disclosing party shall promptly notify the other party in writing of the inadvertent disclosure.  All such inadvertently disclosed Confidential matter and all copies thereof shall be returned to the disclosing party.  In addition, all such returned matter shall be removed from any database and/or software the receiving party is using for identification, organization, classification, or for any other purpose in this litigation.  The receiving party also agrees to destroy any and all notes and/or other work product that reflect the contents of the inadvertently disclosed matter.  No use shall be made of the inadvertently disclosed matter, nor shall such matter be disclosed to any persons not provided access to Confidential pursuant to the terms of this Protective Order.

15.    AMENDMENT AND MODIFICATION.

This Protective Order may be amended by the written agreement of counsel for the Parties submitted to and approved by the Trial Judge or Magistrate Judge in this case.  Nothing in this Protective Order shall preclude any party to this action from moving to vacate or modify this Protective Order or any provision thereof.

11

16.     JURISDICTION AND ENFORCEMENT.

During the pendency of this litigation, any person to whom documents or information designated as Confidential are disclosed shall be subject to the jurisdiction of the Trial Judge or Magistrate Judge for purposes of determining, assuring, and adjudging such person's compliance with this Protective Order.  Jurisdiction following termination of this action shall be in the Federal District Court located in Clark County, Nevada.  Any party or person subject to this Protective Order who violates its provisions shall be liable for contempt of court and damages for any injuries or loss suffered by the producing party as a result of such violation.

17.     NO LIABILITY AFTER TERMINATION OF LITIGATION.

After termination of this litigation, including any appeal thereof, this Protective Order shall continue to be binding upon the Parties hereto, the Parties' counsel, and all persons to whom Confidential information has been disclosed or communicated, unless by written stipulation of the Parties and their respective counsel, or by order of the Court.

/ / / /

/ / / /

/ / / /

/ / / /

12

Notwithstanding, no Party will be liable for any compensatory or punitive damages stemming from this Protective Order after termination of this litigation.

Dated this __6__ day of August, 2013

Gordon A. Park
Philip A. John
McCormick, Barstow, Sheppard
Wayte & Carruth LLP
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113

*Attorneys for Plaintiff and Counterdefendant*

Dated this __5th__ day of August, 2013

Patricia Lee (8287)
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
*Attorney for Kiarash Mirkia and
Poupak Ziaei*

IT IS SO ORDERED this _15th_ day of August, 2013.

Magistrate Judge

HUTCHISON & STEFFEN
A PROFESSIONAL LLC
PECCOLE PROFESSIONAL PARK
10080 WEST ALTA DRIVE, SUITE 200
LAS VEGAS, NV 89145

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of HUTCHISON & STEFFEN, LLC and that on this _6th_ day of August, 2013, I caused the above and foregoing document entitled **STIPULATION AND PROTECTIVE ORDER** to be served as follows:

☐     by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada; and/or

☐     to be served via facsimile; and/or

☒     pursuant to EDCR 8.05(a) and 8.05(f), to be electronically served through the Eighth Judicial District Court's electronic filing system, with the date and time of the electronic service substituted for the date and place of deposit in the mail; and/or

☐     to be hand-delivered;

to the attorneys listed below at the address and/or facsimile number indicated below:

Gordon A. Park
Philip A. John
McCormick, Barstow, Sheppard
Wayte & Carruth LLP
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113

*Attorneys for Plaintiff and Counterdefendant*

An employee of Hutchison & Steffen, LLC

14