# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ALLSTATE PROPERTY and CASUALTY INSURANCE COMPANY, an Illinois corporation,<br><br>              Plaintiff,<br><br>     vs.<br><br>KIARASH MIRKIA, an individual, POUPAK ZIAEI, an individual,<br><br>              Defendants. | 2:12-cv-01288-RCJ-PAL<br><br>**ORDER** |

Currently before the Court are three motions filed by Allstate and third-party Defendants Walid Khuraibet ("Khuraibet") and Legacy Agency LLC ("Legacy") (collectively "Plaintiffs"). These motions include a Motion in Limine (ECF No. 93), a Motion to Exclude Opinion and Testimony of Defense Expert Gary Fye (ECF No. 94), and a Motion to Exclude Evidence and Testimony Regarding the Value of the Allegedly Lost or Stolen Property (ECF No. 95).

**I.     PROCEDURAL HISTORY AND FACTS**

In July 2012, Allstate Property and Casualty Insurance Company ("Allstate") filed a complaint in this Court based on diversity jurisdiction against Kiarash Mirkia and Poupak Ziaei, husband and wife. (Compl. 1–2, ECF No. 1). The complaint alleged that Defendants entered into a lease agreement to rent property located at 68 Wildwing Court in Las Vegas, Nevada. (*Id.*). In early December 2011, Defendants contacted Allstate agent Khuraibet to procure a homeowner's

1

policy to provide building and content coverage for 68 Wildwing Court. (*Id.* at 3). The complaint alleges that Defendants told Khuraibet that they were purchasing a home through private financing. (*Id.*). Based on this information, and a physical inspection of the property, Allstate issued the homeowner's policy from December 15, 2011 through December 15, 2012. (*Id.*). The policy included personal property limits of $1,038,104 and included extended coverage for scheduled property including "jewelry" and "jewelry-gem print." (*Id.*).

On March 1, 2012, Defendants reported to Allstate the theft of jewelry and expensive sunglasses. (*Id.* at 5). The complaint alleges that during the course of its investigation, Allstate discovered that Defendants were leasing the property and were not the actual owners. (*Id.*). Allstate determined that Defendants had misrepresented and concealed the true facts of the property's ownership at the time the policy was obtained and denied coverage under the policy for the lost property. (*Id.*). In addition to denying coverage, Allstate initiated this suit against Defendants seeking a recession of the policy *ab initio*. (*Id.*). In November 2012, Defendants filed an answer and counterclaim against Allstate, and a third-party complaint against Khuraibet and Legacy, alleging that they had provided a copy of their lease to Khuraibet. (Countercl. 9, ECF No. 6). Defendants claimed that Khuraibet falsely indicated on the insurance policy that Defendants outright owned the home and that he had actual knowledge of the lease. (*Id.*). The counterclaim alleged nine causes of action, including bad faith against Allstate and breach of contract against both Allstate and Khuraibet. (*Id.* at 15–16).

Khuraibet and Legacy moved to dismiss Defendants' claims on December 12, 2014, and the Court granted this motion and gave leave to Defendants to file an amended complaint. (ECF No. 42). Defendants filed their amended complaint on March 28, 2013. (ECF No. 44). Thereafter, Khuraibet and Allstate each filed a motion for partial summary judgment. (ECF Nos.

70, 71). The Court granted Allstate's motion, but denied Khuraibet's motion. (ECF No. 86). Plaintiffs subsequently filed three evidentiary motions requesting that the Court prohibit Defendants from presenting certain documents and testimony at trial.

## II.     DISCUSSION

### A.  Motion in Limine

Plaintiffs request that Defendants not be allowed to argue at trial that Allstate was informed that Defendants were renting the Wildwing property when they applied for insurance. Plaintiffs cite Rules 403 and 602 of the Federal Rules of Evidence as prohibiting such testimony. Plaintiffs claim that there is no evidence that Khuraibet was informed of the lease arrangement and that any testimony to the contrary would mislead the jury or confuse the issues. The Court disagrees that such an order is warranted here. If Defendants put forth evidence at trial that Joseph Yakubik, Defendants' realtor, informed Khuraibet or another of Allstate's representatives that Defendants were only leasing the Wildwing property, then Plaintiffs will have an opportunity to discredit the evidence. If Yakubik is called upon to testify that he personally informed Khuraibet of the lease, then Plaintiffs may impeach him through his prior inconsistent deposition testimony. *See* Fed. R. Evid. 613. If Defendants themselves attempt to testify that Yakubik told Khuraibet of the lease, then Plaintiffs may raise a hearsay objection. *See* Fed. R. Evid. 802. If Defendants instead testify that Yakubik gave a copy of the lease agreement to Khuraibet, then Plaintiffs may call and examine Yakubik on this matter. The Court does not believe that a jury would be unable to follow these standard trial procedures. Moreover, whether Allstate or its representatives were aware that Defendants were leasing the Wildwing property is an important element of this case. Accordingly, Defendants' attempt to offer evidence on this point would not confuse the issues. Therefore, Plaintiff's motion in limine is DENIED.

**B. Motion to Exclude Testimony of Expert Gary Fye**

Plaintiffs argue that Defendants' designated expert, Gary Fye, should not be allowed to testify in this case because his testimony regarding Allstate's handling of claims, and particularly this claim, is no longer relevant. The Court agrees. Defendants designated Fye as an expert as to Allstate's claims practices and claims investigation, which was relevant to their allegations of bad faith. (*See* Defendants' Disclosure of Expert Witnesses 2, Ex. 2, ECF No. 94). Fye was not designated as an expert for any other purpose. (*Id.*). Previously, the Court granted summary judgment in Allstate's favor regarding the bad faith claims. (Order on Allstate's Mot. for Partial Summ. J. 17, ECF No 86). As a result of this ruling, any evidence relating only to Defendants' bad faith claims is irrelevant to the remaining issues in this case. Since only relevant evidence is admissible, *see* Fed. R. Evid. 402, Fye's testimony is inadmissible. Therefore, Plaintiffs' motion is GRANTED.

**C. Motion to Exclude Evidence Regarding the Value of Defendants' Property**

Plaintiffs argue that Defendants should be precluded from offering evidence, testimony or otherwise, regarding the value of the alleged stolen property. Specifically, Plaintiffs assert that the appraisal reports that Defendants have provided lack authentication and that any testimony regarding the property's value requires an expert. The Court disagrees with both assertions. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901. This may be accomplished through the testimony of a witness with knowledge that "an item is what it is claimed to be." *Id.* If either Defendant testifies that the alleged stolen property had been appraised previously and that the appraisal reports at issue were received as a result of those previous appraisals, then that would suffice as authentication under

4

the Federal Rules of Evidence. *See Orr v. Bank of Am.*, 285 F.3d 764, 774 (9th Cir. 2002) (implying that the testimony of an individual with personal knowledge of a particular document is sufficient for authentication purposes). Indeed, such testimony would establish that the "appraisals" are what Defendants claim them to be—representations made to Defendants about the property's value.

Likewise, the Court does not agree that an expert is needed to testify as to the value of the alleged stolen property. A lay witness may provide opinion testimony based on his or perception as long as specialized knowledge is not used to reach the opinion. Fed. R. Evid. 701. Defendants can undoubtedly provide their lay testimonies as to what they believe the alleged stolen property is worth. Such an opinion might be based on prices at which they have seen similar pieces sell or it might be based on what they themselves paid. In either situation Defendants could provide their testimony without basing it on any "scientific, technical, or other specialized knowledge." *Id.* Therefore, the motion is DENIED.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion in Limine (ECF No. 93) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Exclude Testimony from Gary Fye (ECF No. 94) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Exclude Evidence Regarding the Value of Defendants' Property (ECF No. 95) is DENIED.

IT IS SO ORDERED.

Dated: October 28, 2014

_____
ROBERT C. JONES
United States District Judge